■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARMOND C., Appellant.—Adjudication unanimously affirmed. Memorandum: Defendant contends that the court erred in denying his motion to suppress his statements on the ground that they were taken in violation of his Fourth Amendment rights. Defendant's contention has no merit. First, defendant has failed to preserve the issue of the illegality of the arrest for our review *(People v Jones,* 81 AD2d 22). The sole ground for suppressing the statements alleged in defendant's motion papers was that the statements were taken in violation of his *Miranda* rights. Thus, the People were not given fair notice of a Fourth Amendment claim. Second, the record supports the court's finding that defendant voluntarily accompanied the officer to the station, was not in custody, and thus was not questioned in violation of his Fourth Amendment rights. Finally, even assuming that defendant was arrested and subjected to custodial interrogation, the record reveals that there was probable cause to suspect him of the burglary. Defendant was seen acting suspiciously in the vicinity of the break-in

shortly before it was discovered at about 4:00 A.M. The witness identified defendant, whom he knew by his street name, "Poo", which the investigating officer later was able to connect to defendant. Before defendant was questioned, the witness positively identified him as the individual he had seen apparently acting as a lookout during the crime. (Appeal from adjudication of County Court, Erie County, Willis, J.—youthful offender.) Present—Callahan, J. P., Denman, Boomer, Lawton and Davis, JJ.